**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAROLINE EDRI, on behalf of herself and all others similarly situated,<br><br><br>Plaintiff,<br><br>vs.<br><br>BROOKLYN PREMIER ORTHOPEDICS AND PAIN MANAGEMENT PLLC d/b/a BROOKLYN PREMIER ORTHOPEDICS,<br><br>Defendant. | Civil Action No. 1:23-cv-07943-HG |
| MARQUITA WASHINGTON JOHNSON, on behalf of herself individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br>v.<br><br>BROOKLYN PREMIER ORTHOPEDICS AND PAIN MANAGEMENT PLLC,<br><br>Defendant. | Civil Action No. 1:23-CV-07990-NRM-JAM |
| RUDOLPH KORNMANN and DAVID ASEKOFF, *on behalf of themselves & all others similarly situated*,<br><br>Plaintiffs,<br>v.<br><br>BROOKLYN PREMIER ORTHOPEDICS AND PAIN MANAGEMENT PLLC d/b/a BROOKLYN PREMIER ORTHOPEDICS,<br><br>Defendant. | Civil Action No. 1:23-cv-08761 |

## TABLE OF CONTENTS

I. BACKGROUND ................................................................................................. 2

II. ARGUMENT ................................................................................................... 3

    A. Consolidation is Appropriate ................................................................ 4

    B. Proposed Interim Class Counsel Should Be Appointed ......................... 6

        1. Plaintiffs' Counsel have invested ample time, money & effort in identifying & investigating potential claims in this class action. ............... 6

        2. Plaintiffs' Counsel have relevant experience & knowledge of the applicable law. ....................................................................................... 8

        3. Resources that Proposed Interim Class Counsel Have and Will Commit to Representing the Class Support Their Appointment as Proposed Interim Class Counsel ............................................................. 15

        4. Other Factors Support Appointing Proposed Interim Class Counsel ....... 16

III. CONCLUSION ............................................................................................... 17

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Armstrong et al. v. Gas South, LLC*,
 Civil Action No. 22106661 (Sup. Ct. Cobb Cty., Ga.) ........................................................... 11

*Baker v. Hartford Life & Accident Insurance Company*,
 Case No. 3:23-cv-01076 (D. Conn.) ...................................................................................... 10

*Boone v. Snap, Inc.*,
 Case No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) ........................................................... 13

*Buchanan v. Sirius XM Radio, Inc.*,
 Case No. 3:17-cv-00728 (N.D. Tex.) ...................................................................................... 10

*Buonasera v. Honest Co., Inc.*,
 318 F.R.D. 17 (S.D.N.Y. 2016).................................................................................................. 6

*Carrera Aguallo v. Kemper Corp.*,
 Case No. 1:21-cv-01883 (N.D. Ill. Oct. 27, 2021) ................................................................. 13

*Carter, et al. v. Vivendi Ticketing US LLC d/b/a See Tickets*,
 Case No. 8:22-cv-01981 (C.D. Cal.)........................................................................................ 11

*Combs v. Warner Music Grp.*,
 2020 WL 8642133 (S.D.N.Y. Nov. 10, 2020) ........................................................................... 4

*Devlin v. Transp. Commc'n Int'l Union*,
 175 F.3d 121, 130 (2d Cir. 1999)............................................................................................... 4

*Gilleo et al. v. California Pizza Kitchen, Inc.*,
 Case No. 8:2021-cv-01928-DOC-KES (C.D. Cal.) ................................................................. 11

*In re Advocate Aurora Health Pixel Litigation*,
 Case No. 2:22-cv-01253 (E.D. Wis.) ...................................................................................... 10

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
 240 F.R.D. 56 (E.D.N.Y. 2006) ................................................................................................. 6

*In re Arthur J. Gallagher Data Breach Litig.*,
 631 F. Supp. 3d 573 (N.D. Ill. 2022) ...................................................................................... 13

*In re Blackbaud, Inc., Customer Data Breach Litig.*,
 Case No. 3:20-MN-02972-JMC, 2021 WL 2718439 (D.S.C. July 1, 2021)............................ 13

*In re Practice Resources, LLC Data Security Breach Litigation*,
 Case No. 6:22-cv-00890 (N.D.N.Y.) ......................................................................................... 9

*In re Prudential Ins. Co. Sales Practice Litig.*,
   Case No. 95-4704 (D.N.J.) ........................................................................ 14

*In re Tyco Int'l Ltd., Sec. Litig.*,
   MDL No. 1335 (D.N.H.) ............................................................................ 14

*In re: MoveIt Customer Data Security Breach Litigation*,
   Case No. 1:23-md-03083 (D. Mass.) ......................................................... 12

*John v. Delta Defense LLC & U.S. Concealed Carry Association Inc.*,
   Case No. 2:23-cv-01253 (E.D. Wisc.) ....................................................... 10

*John v. Froedtert Health, Inc.*,
   Case No. 23-CV-1935 (Wis. Cir. Ct.) ........................................................ 10

*Johnson v. Celotex Corp.*,
   899 F.2d 1281, 1285 (2d Cir. 1990) ............................................................ 4

*Karpilovsky v. All Web Leads, Inc.*,
   Case No. 17 C 1307, 2018 WL 3108884 (N.D. Ill. 2018) .......................... 13

*Kindle v. Dejana*,
   Case No. 14-cv-06784 (E.D.N.Y.) ............................................................. 10

*Kobor v. Skidmore Coll.*,
   2023 WL 8642133 (N.D.N.Y. Dec. 14, 2023) ............................................. 4

*Marcaurel v. USA Waste-Mgmt. Res., LLC*,
   2021 WL 4940977 (S.D.N.Y. Sept. 3, 2021) ............................................... 4

*Medina v. Albertsons Companies, Inc.*,
   Case No. 1:23-cv-00480 (D. Del.) ............................................................. 11

*Messner v. Stingray Music USA Inc.*,
   *Case No.* 6:23-cv-06636 (W.D.N.Y.) ....................................................... 10

*Morrill v. Lakeview Loan Servicing, LLC*,
   Case No. 1:22-cv-20955-DPG (S.D. Fla.) .................................................. 12

*Park 80 Hotels LLC v. Holiday Hospitality Franchising, LLC*,
   Case No. 1:21-cv-04650 (N.D. Ga.) ............................................................. 9

*Parris, et al., v. Meta Platforms, Inc.*,
   Case No. 2023LA000672 (18th Cir. DuPage Cty., Ill.) .............................. 13

*Pulliam et al. v. West Technology Group*,
   Case No. 8:23-cv-159 (D. Neb.) ................................................................ 11

*Perez v. Carvin Wilson Software LLC,*
Case No. cv-23-00792 (D. Ariz.) .............................................. 11

*Nulf v. Alvaria, Inc., et al.,*
Case No. 1:23-cv-10999 (D. Mass.) ........................................ 11

*Rasmussen et al. v. Uintah Basin Healthcare,*
Case No. 2:23-cv-00322 (D. Ut.) ............................................ 11

*Skurauskis, et al. v. NationsBenefits Holdings, LLC, et al.,*
Case No. 0:23-cv-60830 (S.D. Fl.) ......................................... 11

*In re Family Vision Data Security Incident Litigation,*
Case No. 2023CP0401671 (S.C., County of Anderson) ...................... 11

*In re Data Security Litigation Against Brightline, Inc.,*
Case No. 3:23-cv-02132 ..................................................... 11

*In re: Vivendi Ticketing US LLC, d/b/a See Tickets Data Security Incident,*
Case No. 2:23-cv-07498 (C.D. Cal.) ....................................... 11

*In re DISH Network Data Security Incident Litigation,*
Case No. 1:23-cv-01168 (D. Colo.) ........................................ 11

*In re Sovos Compliance Data Security Incident Litigation,*
Case No. 1:23-cv-12100 (D. Mass.) ........................................ 11

*Scott et al v. Union Bank and Trust Company,*
Case No. 4:23-cv-03126 (D. Neb.) ...................................... 9, 11

*Sherwood v. Horizon Actuarial Services, LLC,*
Case No. 1:22-cv-01495-ELR (N.D. Ga.) ..................................... 12

*Stewart v. Prac. Res., LLC,*
2022 WL 17155996 (N.D.N.Y. Nov. 22, 2022) .......................... 4, 6, 17

*Webb v. Injured Workers Pharmacy,*
*LLC,* 72 F.4th 365 (1st Cir. 2023) ........................................ 13

**Statutes**

Employee Retirement Income Security Act ................................... 10

Telephone Consumer Protection Act ......................................... 9

California Confidentiality of Medical Information Act ...................... 9

California Consumers Legal Remedies Act ................................... 9

The California Invasion of Privacy Act ........................................................... 9

California Unfair Competition Law ............................................................... 9

Electronics Communication Privacy Act ....................................................... 9

Fair Credit Reporting Act ............................................................................. 9

Illinois Biometric Information and Privacy Act ............................................. 9

Video Privacy Protection Act ....................................................................... 9

**Other Authorities**

*Guidelines and Best Practices for Large and Mass-Tort MDLs* (Second Edition) (2018) .......... 16

Manual for Complex Litigation
  (Fourth)(2010) .......................................................................................... 4, 16

Bolch Judicial Institute, Duke Law School,
  *Guidelines and Best Practices for Large and Mass-Tort MDLs*
  (2d ed. 2018) .......................................................................................... 15, 16

*Melvyn Weiss, Lawyer Who Fought Corporate Fraud, Dies at 82*,
  N.Y. Times, (Feb. 5, 2018) ....................................................................... 14

**Rules**

Federal Rules of Civil Procedure ....................................................... 1, 4, 6, 7, 15, 17

**PLAINTIFFS' UNOPPOSED MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR CONSOLIDATION OF RELATED ACTIONS AND TO APPOINT
INTERIM CO-LEAD CLASS COUNSEL**

Pursuant to Federal Rules of Civil Procedure 23(g) and 42(a), Plaintiffs Caroline Edri, Marquita Washington Johnson, Rudolph Kornmann and David Asekoff ("Plaintiffs"), individually and on behalf of all others similarly situated, respectfully move for an order consolidating the above-captioned matters: (i) *Edri v. Brooklyn Premier Orthopedics and Pain Management PLLC*, 1:23-CV-07943 ("*Edri* Action"); (ii) *Johnson v. Brooklyn Premier Orthopedics and Pain Management PLLC*, 1:23-CV-07990-NRM-JAM ("*Johnson* Action") and (iii) *Kornmann, et al. v. Brooklyn Premier Orthopedics and Pain Management PLLC.*, No. 1:23-cv-08761 ("*Kornmann* Action") (collectively, the "Related Actions"). Plaintiffs further collectively request that the Court appoint David S. Almeida of Almeida Law Group LLC, Mason Barney of Siri & Glimstad LLP and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, LLC (together, "Proposed Interim Class Counsel") as interim co-lead counsel.

All three actions arise out of the same operative facts—a recent, targeted cyber-attack that allowed a third party to gain unauthorized access to the computer systems housing sensitive consumer patient health data maintained by Brooklyn Premier Orthopedics ("BPO" or "Defendant"). The cyber-attack reportedly exposed confidential and sensitive personally identifying information ("PII") and protected health information ("PHI") (collectively, "Private Information") of thousands of individuals in early 2023 (the "Data Breach"). The Related Actions assert virtually identical causes of action, define overlapping classes and seek similar remedies against a common defendant. Proposed Interim Class Counsel (and their respective law firms) are highly experienced in data security litigation, particularly putative class action lawsuits involving data breaches and possess the requisite knowledge, experience and skill needed to pursue relief on

behalf of Plaintiffs and the Proposed Class. To maximize efficiency and judicial economy, and for the reasons presented below, Plaintiffs respectfully request that the Court grant this Motion in its entirety.

## I.    BACKGROUND

Defendant BPO is an orthopedic and pain management center, with its headquarters in Brooklyn, New York. BPO is a full-service medical practice center specializing in orthopedic medicine, with twelve physicians and five physician assistants serving over tens of thousands of patients at multiple locations throughout New York and New Jersey. To obtain healthcare and dental services from BPO, patients like Plaintiffs and Class Members, provided Defendant highly sensitive Private Information.

The Related Actions each arise out of a recent, targeted cyber-attack that began in early 2023, continued until discovered on or around October 5, 2023, and allowed a third party to gain unauthorized access to BPO's computer system. In the course of its business, BPO acquires, stores, and maintains its customers' clients' Private Information including, but not limited to, name, address, phone number and email address; date of birth; demographic information; Social Security number; information relating to individual medical history; information concerning an individual's doctor, nurse or other medical providers; health insurance information; clinical testing information and results and other information that Defendant may deem necessary to provide services and care. The Related Actions each allege that as a result of Defendant's failure to adhere to adequate data security practices, the Private Information of Plaintiffs and millions of other consumers were accessed in the Data Breach by a malicious actor.

Plaintiffs learned they were victims of the Data Breach, and each decided to file their respective class actions following their receipt of notice letters from Defendant in October 2023. The *Edri* Action was filed in this District on October 25, 2023. The *Johnson* Action was filed in

this District on October 26, 2023. The *Kornmann* Action was filed in this District on November 29, 2023. Generally, Plaintiffs in the Related Actions allege the following causes of action against Defendant: Negligence, Breach of Confidence, Breach of Fiduciary Duty, Unjust Enrichment, Bailment, Violation of New York General Business Law § 349, Breach of Implied Contract and Breach of Express Contract.

The Related Actions are each class actions filed on behalf of classes of individuals whose Private Information was compromised by the Data Breach. Based on the same common facts, the Related Actions allege that BPO's failures to ensure the adequacy of its network and system security, and that Class Members' Private Information was secured and protected, fell far short of its obligations to those individuals and their reasonable expectations for data privacy; jeopardized the security of their Private Information and put them at an imminent and substantial risk of fraud and identity theft. The Related Actions allege that BPO's inadequate measures to ensure data privacy and data security resulted in the Data Breach. The Related Actions allege the same common course of misconduct relating to a single event (i.e., the Data Breach), seek the same damages and relief, and assert largely similar counts on behalf of overlapping nationwide classes.

After meeting and conferring, all Plaintiffs in the Related Actions support consolidation. Defendant consents to consolidating these actions, subject to its reservation of all other rights, including, without limitation, its right to contest all liability, to contest relevant facts, and to contest the certification of any alleged class. Defendant takes no position on the question of appointment of Interim Co-Lead Class Counsel, subject to the same reservation of rights.

## II.    ARGUMENT

Class actions present unique and complex challenges that require a greater level of organization and case management to protect the interests of plaintiffs and the putative class. Consolidating cases with related issues against the same defendant and appointing interim class

counsel at the earliest practicable time is essential as it delineates a clear division of labor and allocation of tasks and responsibilities that is crucial in keeping the litigation well-organized and efficient.

### A.    Consolidation is Appropriate

Under Federal Rule of Civil Procedure 42(a), when separate actions before a court involve a common question of law or fact, a court is empowered to "consolidate the actions." Fed. R. Civ. P. 42(a)(2); *see also* Manual for Complex Litigation (Fourth) § 20.11 (2010). Thus, the threshold question for the Court is whether the Related Actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *see also Marcaurel v. USA Waste-Mgmt. Res., LLC*, 2021 WL 4940977, at *2 (S.D.N.Y. Sept. 3, 2021) (finding consolidation warranted when the related actions all arose from the same data breach). Rule 42 is "invoked to expedite trial and eliminate unnecessary repetition and confusion," and it provides a district court with broad discretion to consolidate related actions. *Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal quotation marks omitted); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation.").

Courts in the Second Circuit consistently find that data breach class actions are appropriate for consolidation. *See, e.g.*, *Kobor v. Skidmore Coll.*, 2023 WL 8642133, at *1 (N.D.N.Y. Dec. 14, 2023) ("[T]he Court finds that the cases have sufficient commonality of issues and parties to warrant consolidating the cases."); *Stewart v. Prac. Res., LLC*, 2022 WL 17155996, at *2 (N.D.N.Y. Nov. 22, 2022) (granting motion to consolidate where the same data breach was at issue, the same defendant was named and factual and legal questions were common to both actions); *Marcaurel v. USA Waste-Mgmt. Res., LLC*, 2021 WL 4940977, at *2 (S.D.N.Y. Sept. 3, 2021) (same); *Combs v. Warner Music Grp.*, 2020 WL 8642133, at *2 (S.D.N.Y. Nov. 10, 2020) (same).

Here, each putative class action complaint in the Related Actions relates to common factual allegations and legal theories. The Related Actions assert virtually identical causes of action against the common Defendants relating to the same facts and seek the same relief in response to the same event—the Data Breach. The Related Actions seek certification of an overlapping nationwide class and allege that class members suffered harm as a result of the Data Breach because their Private Information (including Social Security numbers) was exposed to third parties without their authorization. The Related Actions present the quintessential consolidation scenario, and the Court should consolidate the Related Actions to ensure judicial economy and preserve party resources.

Consolidation of the Related Actions (and any future similar actions alleging claims relating to the Data Breach) is warranted because it will simplify discovery, pretrial motions, class certification issues and other case management issues, especially given that the cases are at their procedural inception. Consolidating the Related Actions will reduce the confusion and delay that may result from prosecuting related class actions separately, including eliminating duplicative discovery and the possibility of inconsistent rulings on class certification, evidentiary motions and other pretrial matters. Consolidating the cases will also decrease the amount of time that would have been otherwise required for multiple separate cases, as many overlapping witnesses would be called in each case. Furthermore, consolidation of the cases will foster judicial economy and will not prejudice any party. The lack of opposition to this motion confirms the parties' recognition that consolidation is the most efficient way forward. Accordingly, Plaintiffs request that the Court consolidate the Related Actions, and any subsequently filed actions relating to the Data Breach, under the docket number of the first filed case, *Edri v. Brooklyn Premier Orthopedics and Pain Management PLLC*, 1:23-CV-07943, and assign a consolidated case caption.

### B.    Proposed Interim Class Counsel Should Be Appointed

According to Federal Rule of Civil Procedure 23(g), the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g). In so doing, courts are instructed to consider several factors when appointing interim class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i-iv); *see also In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (explaining that the considerations "which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification"). The Court may also examine anything else that is "pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).[1]

Analysis of the factors above demonstrates that Proposed Interim Class Counsel are qualified to serve in this capacity due to their extensive experience in this area of class action litigation, data breach law, and their dedication to their work.

### 1.    Plaintiffs' Counsel have invested ample time, money & effort in identifying & investigating potential claims in this class action.

The work performed and resources committed by Proposed Interim Class Counsel to advance this litigation demonstrate that they have and will continue to fairly and adequately represent the Proposed Classes and weighs heavily in favor of appointing them interim counsel.

---

[1] "District courts within this Circuit routinely appoint multiple firms to work as interim lead counsel in complex class actions." Stewart, 2022 WL 17155996, at *4 (collecting cases); *see also Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 19 (S.D.N.Y. 2016) ("Proposed Interim Counsel include four law firms, which together have substantial resources including a total of 88 attorneys in three different states.").

*See* Fed. R. Civ. P. 23(g)(1)(A)(i) (requiring that the reviewing court consider the applicant's investigative and analytical efforts). Proposed Interim Class Counsel have invested significant time and resources in this putative class action lawsuit. Specifically, Proposed Interim Class Counsel have conducted an extensive pre-filing investigation, which was funded and undertaken by Proposed Interim Class Counsel at their sole expense. As part of the pre-filing investigation, Proposed Interim Class Counsel interviewed many potential clients, often speaking with them at length regarding their receipt of the data breach notice, their experience with BPO and potential ramifications as a result of the Data Breach. From there, Proposed Interim Class Counsel researched the law and evaluated potential claims that could and should be asserted against Defendant. Next, Proposed Interim Class Counsel spent countless hours preparing their various complaints ranging from 52 to 69 pages. The complaints contain 228 to 292 paragraphs of factual allegations and assert claims on behalf of a class of persons whose Private Information was maintained on Defendant's computer systems that were compromised in the Data Breach reported by Defendant in October 2023.

Proposed Interim Class Counsel have also worked cooperatively to organize and bring this motion and have demonstrated the ability to cooperate amongst themselves and in the best interests of the putative Class. Moreover, if appointed, Proposed Interim Class Counsel intend to implement protocols to ensure the efficient, non-duplicative and cost-effective prosecution of this matter. Given the scope and the number of victims potentially affected, Proposed Interim Class Counsel worked to quickly organize and avoid any delay that could result from a leadership dispute to address the merits of the case as expeditiously as possible. Moreover, in the spirit of their prior and positive working relationship, assignments have been—and will continue to be—allocated fairly and in a manner that takes advantage of the strengths of each

firm while eliminating any duplicity and inefficiency. Proposed Interim Class Counsel will continue to operate as a cohesive, well-organized group. Going forward, and if appointed, Proposed Interim Class Counsel will establish a standardized protocol for managing and reporting time and expenses incurred to prosecute the case as efficiently as possible. Accordingly, the substantial work and investigation to date weigh in favor of appointing Proposed Interim Class Counsel because they are organized, unified and committed to working together for the best interests of the class.

2.    *Plaintiffs' Counsel have relevant experience & knowledge of the applicable law.*

David Almeida, Mason Barney and Gary Klinger are well-qualified to serve as class counsel in this case. These attorneys are experienced in class actions, including class action litigation involving data security and data breaches, as well as other complex cases. They and their firms have repeatedly been appointed to leadership positions by federal and state courts in a variety of data breach cases. Proposed Interim Co-Lead Counsel also have particularized knowledge of applicable data breach and privacy law. As discussed above and in the accompanying firm resumes, Proposed Interim Co-Lead Counsel has extensive experience litigating large-scale and complex data breach class actions in federal and state court across the country. A brief discussion of the firms' experience follows.

**David S. Almeida of Almeida Law Group LLC**

David S. Almeida is the Founder and Managing Partner of the Almeida Law Group LLC ("ALG"). Based in Chicago, Mr. Almeida brings a unique and incredibly experienced perspective to the proposed Co-Lead Interim Class Counsel team as, for the majority of his career, he has served primarily as a class action defense lawyer representing hospital systems, medical providers, retail and hospitality companies as well as all manner of consumer-facing companies in privacy-

related class action lawsuits. Prior to founding ALG, Mr. Almeida was, most recently, a Partner with Benesch, Friedlander, Coplan and Aronoff LLP in its Chicago office. While at Benesch, Mr. Almeida founded and chaired the Firm's Class Action Practice Group, and he also served as the Chair of the Firm's Telephone Consumer Protection Act Team and its Retail, Hospitality and Consumer Products Practice Group. Mr. Almeida is a 1999 graduate of Cornell Law School, and since then, he has practiced at several prominent firms in New York City and Chicago. Mr. Almeida is admitted to the New York, Illinois and Wisconsin bars as well as admitted to practice in numerous federal courts including the United States District for the Southern District of New York and Northern District of Illinois (including Trial Bar).

Mr. Almeida has been involved in more than 350 class action lawsuits throughout the country, representing clients in a wide range of claims, including data breach and privacy violations, state consumer fraud and deceptive business practices, false advertising and false labeling, the Telephone Consumer Protection Act ("TCPA"), the Fair Credit Reporting Act, the Illinois Biometric Information and Privacy Act ("BIPA"), the Video Privacy Protection Act ("VPPA"), the Electronics Communication Privacy Act, 18 U.S.C. § 2511(1) ("ECPA"), the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56, *et seq.* ("CMIA"), the California Invasion of Privacy Act, Cal. Penal Code § 630, *et. seq.* ("CIPA"), the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL").

Some of Mr. Almeida's current data privacy matters include:

- *In re Practice Resources, LLC Data Security Breach Litigation*, 6:22-cv-00890 (N.D.N.Y.) (co-lead counsel in consolidated data privacy class action)
- *Scott v. Union Bank & Trust Company*, 4:23-cv-03126 (D. Neb.) (co-lead counsel in consolidated data privacy class action)
- *Park 80 Hotels LLC v. Holiday Hospitality Franchising, LLC*, 1:21-cv-04650 (N.D. Ga.) (co-lead counsel in data breach class action involving IHG franchisees)

- *Baker v. Hartford Life & Accident Insurance Company,* 3:23-cv-01076 (D. Conn.) (counsel in data breach class action)
- *John v. Delta Defense LLC & U.S. Concealed Carry Association Inc.*, 2:23-cv-01253 (E.D. Wisc.) (lead counsel in VPPA class action)
- *Messner v. Stingray Music USA Inc.,* 6:23-cv-06636 (W.D.N.Y.) (lead counsel in VPPA class action)
- *John v. Froedtert Health, Inc.*, 23-CV-1935 (Wis. Cir. Ct.) (co-counsel in pixel tracking class action which settled on a class-wide basis, Final Approval granted September 29, 2023)
- *In re Advocate Aurora Health Pixel Litigation*, 2:22-cv-01253 (E.D. Wis.) (co-counsel in consolidated pixel tracking class action which settled on a class-wide basis, Preliminary Approval granted August 21, 2023)

Finally, Mr. Almeida is a prominent authority on data privacy and security issues, direct and mobile marketing, emerging payment systems as well as social and digital media issues. He is a frequent author and speaker on such topics and is often called upon by local and national publications for comment. Mr. Almeida has been listed as an Illinois Super Lawyers numerous times as well as recognized as a "Rising Star" by the National Law Journal. Additional information regarding Mr. Almeida and his firm is set forth in the Almeida Law Group Firm Resume, attached hereto as **Exhibit A.**

### Mason Barney of Siri & Glimstad LLP

Mr. Barney is a partner at Siri & Glimstad with over seventeen (17) years of experience in complex litigation. Mr. Barney was recently involved in a class action alleging violations of the TCPA, which resulted in a settlement of $25,000,000 (plus free satellite radio service) to a potential class of over 14 million customers (*Buchanan v. Sirius XM Radio, Inc.*, Case No. 3:17-cv-00728 (N.D. Tex.)). Mr. Barney was also trial co-counsel for plaintiffs in an ERISA matter filed as a class action involving breaches of fiduciary duty related to the management and termination of an ESOP, which settled after the beginning of trial for $1,080,000 for the Class (*Kindle v. Dejana*, No. 14-cv-06784 (E.D.N.Y.).

Mr. Barney has also served in leadership positions and as class counsel in numerous data breach and privacy matters, including having been recently appointed class counsel in *Carter, et al. v. Vivendi Ticketing US LLC d/b/a See Tickets*, No. 8:22-cv-01981 (C.D. Cal.), which received final approval for a settlement involving 437,310 class members and a $3,000,000 non-reversionary settlement fund; *Gilleo et al. v. California Pizza Kitchen, Inc*., No. 8:2021-cv-01928-DOC-KES (C.D. Cal.), which settled with over $2,000,000 of relief going to the class members; *Armstrong et al. v. Gas South, LLC*, Civil Action No. 22106661 (Sup. Ct. Cobb Cty., Ga.) which received preliminary approval for a settlement involving 38,671 class members and valued at over $9 million; and *Medina v. Albertsons Companies, Inc.*, Case No. 1:23-cv-00480 (D. Del.), which received preliminary approval for a settlement involving 33,000 class members and a $750,000 non-reversionary settlement fund.

Mr. Barney is also currently serving as interim class counsel in a number of other data breach actions, including *Pulliam et al. v. West Technology Group*, Case No. 8:23-cv-159 (D. Neb.), *Perez v. Carvin Wilson Software LLC*, Case No. cv-23-00792 (D. Ariz.), *Nulf v. Alvaria, Inc., et al.*, Case No. 1:23-cv-10999 (D. Mass.), *Rasmussen et al. v. Uintah Basin Healthcare*, Case No. 2:23-cv-00322 (D. Ut.), *Skurauskis, et al. v. NationsBenefits Holdings, LLC, et al*., Case No. 0:23-cv-60830 (S.D. Fl.), *In re Family Vision Data Security Incident Litigation*, Case No. 2023CP0401671 (S.C., County of Anderson), *In re Data Security Litigation Against Brightline, Inc.*, Case No. 3:23-cv-02132, *In re: Vivendi Ticketing US LLC, d/b/a See Tickets Data Security Incident*, Case No. 2:23-cv-07498 (C.D. Cal.), *In re DISH Network Data Security Incident Litigation*, Case No. 1:23-cv-01168 (D. Colo.), *In re Sovos Compliance Data Security Incident Litigation*, Case No. 1:23-cv-12100 (D. Mass.), and *Scott et al v. Union Bank and Trust Company*, Case No. 4:23-cv-03126 (D. Neb.) (the court commenting that "proposed interim co-lead counsel

are experienced and qualified attorneys, and each has knowledge of the applicable law, experience in managing and prosecuting cases involving data security and privacy, notable successes against large corporate defendants, and resources they are willing to expend to litigate these cases").

Additionally, Mr. Barney holds an undergraduate degree in Computer Science and, after college, served as a database programmer for three years, giving him additional insight and knowledge into the highly complex issues that arise in data breach litigation. He has also published articles concerning data privacy and cyber security issues in leading publications such as Inc. Magazine, Bloomberg BNA, and Inside Counsel Magazine. Further details about Mr. Barney, as well as Siri & Glimstad's class action group, are included in the firm resume submitted herewith as **Exhibit B**.

### Gary Klinger of Milberg Coleman Bryson Phillips Grossman, LLC

Mr. Klinger is a Partner at Milberg and Chair of its Cybersecurity and Data Privacy Practice Group. Mr. Klinger is recognized as one of the most respected data privacy attorneys in the United States, having been selected to Lawdragon's 500 Leading Litigators in America for his accomplishments in privacy litigation.[2] He has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country. *See, e.g., In re: MoveIt Customer Data Security Breach Litigation*, 1:23-md-03083 (D. Mass.) (where Mr. Klinger was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers).[3] Mr. Klinger

---

[2]    *See*    https://www.lawdragon.com/guides/2023-09-08-the-2024-lawdragon-500-leading-litigators-in-america.

[3] *See, also Morrill v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-20955-DPG (S.D. Fla.) (where Mr. Klinger is appointed to the leadership committee in a data breach class action involving 6 million consumers); *Sherwood v. Horizon Actuarial Services, LLC*, Case No. 1:22-cv-01495-ELR (N.D. Ga.) (where Mr. Klinger is court-appointed co-lead counsel in a data breach class action involving 4 million consumers).

and his firm are largely responsible for developing the favorable case law that many plaintiffs rely on in the data breach space. *See e.g., Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); *In re Blackbaud, Inc., Customer Data Breach Litig.,* No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (Milberg attorneys defeated a standing challenge in a 10 million person data breach case).

Over the past three years, Mr. Klinger has settled on a classwide basis more than forty (40) class actions involving privacy violations, the majority of which are data breaches, in State and federal courts across the country as lead or co-lead counsel.[4] To his knowledge, no other attorney in the country has settled and won court approval of more data breach class actions during this time period. Representative cases include:

- *Parris, et al., v. Meta Platforms, Inc.*, Case No.2023LA000672 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger serves as lead counsel and obtained a settlement of $68.5 million for 4 million consumers in a privacy class action);
- *Boone v. Snap, Inc.*, Case No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger served as lead counsel and obtained a settlement of $35 million for 3 million consumers in a privacy class action); and
- *Carrera Aguallo v. Kemper Corp.*, Case No. 1:21-cv-01883 (N.D. Ill. Oct. 27, 2021) (where Mr. Klinger served as lead counsel in a data breach class action involving 6 million consumers and reached a settlement valued at $17 million).

In addition to his professional experience, Mr. Klinger is a Certified Information Privacy Professional (CIPP/US). A copy of Mr. Klinger's biography, along with Milberg's firm resume, is

---

[4] Mr. Klinger has also successfully litigated privacy class actions through class certification. See *Karpilovsky v. All Web Leads, Inc*., No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. 2018) (where Mr. Klinger certified, over objection, a nationwide privacy class action involving more than one million class members; the case ultimately settled for $6.5 million).

attached hereto as **Exhibit C**.

Mr. Klinger also has the full weight of his law firm behind him. Since its founding in 1965, Milberg has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[5] Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court.[6] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of large-scale wrongdoing. Milberg has been described by the New York Times as "[a] powerhouse that compelled miscreant and recalcitrant businesses to pay billions of dollars to aggrieved shareholders and customers."[7]

Milberg is one of the largest plaintiffs' class action firms in the United States (and abroad). The firm currently is involved in some of the largest and well-known class action cases in the country and is particularly active in the field of data breach and privacy litigation. The firm is comprised of more than one hundred-twenty attorneys who work from offices across the United States and in Portugal, the United Kingdom, the Netherlands, and Germany. Milberg attorneys come from diverse backgrounds and reflect the diversity of the bar and the classes they seek to

---

[5] *See, e.g.*, *In re Tyco Int'l Ltd., Sec. Litig.*, MDL 1335 (D.N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Ins. Co. Sales Practice Litig.*, No. 95-4704 (D.N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.

[6] *See* https://milberg.com/precedent-setting-decisions/page/3/.

[7] Sam Roberts, *Melvyn Weiss, Lawyer Who Fought Corporate Fraud, Dies at 82*, N.Y. Times, (Feb. 5, 2018), https://www.nytimes.com/2018/02/05/obituaries/melvyn-weiss-lawyer-who-fought-corporate-fraud-dies-at-82.html.

represent—from the standpoint of age, gender, experience, and geographic location.[8]

> ### 3. Resources that Proposed Interim Class Counsel Have and Will Commit to Representing the Class Support Their Appointment as Proposed Interim Class Counsel

Counsel responsible for prosecuting Plaintiffs' claims must be able to dedicate very significant resources to advance the claims of the proposed Class. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). Proposed Interim Class Counsel have demonstrated their collective will and ability to dedicate the necessary resources to maximize Plaintiffs and Class Members' chance of success in this lawsuit. As described in detail above, each of the firms have thoroughly investigated, developed and gathered evidence in support of Plaintiffs' claims against Defendant, and have already invested and committed significant resources to prosecute this case. Proposed Interim Class Counsel are hard-working, organized and effective. They have taken many cases from inception to conclusion, advancing all litigation costs, and will do so here.

Moving forward, Proposed Interim Class Counsel will continue to staff this matter with knowledgeable and experienced attorneys, supported by accomplished support staff, as they prepare pleadings, draft memoranda, conduct discovery, work with experts and assist in trial preparation. Proposed Interim Class Counsel will continue their commitment of resources and efforts to this matter, just as they have in other, successful litigations. Moreover, Proposed Interim Class Counsel's decades of accomplished litigation in cases like this one evidence a proven history of dedicating all resources necessary to effectively litigate the claims they allege. In the aggregate, Proposed Interim Class Counsel will put forth substantial resources to vigorously advocate for the

---

[8] *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38, 45-46 (2d ed. 2018), *available at* https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf  ("Duke Guidelines") ("The judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds.").

interests of the Proposed Class, just as they have done in prior data privacy cases. Finally, it is important to note that the firms will make every effort to effectively and efficiently staff the litigation in a manner that will avoid duplication of effort.

4.    *Other Factors Support Appointing Proposed Interim Class Counsel*

An important consideration in selecting leadership is the ability to work well as a team, with opposing counsel and the Court. The role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy and acceptance of the obligations owed as officers of the Court, all of which are critical to the successful management of the litigation. *See Manual for Complex Litigation* § 10.21. One of the demanding aspects of complex litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id.* Unlike defense counsel, the plaintiff's side must quickly and effectively merge to form an alliance against often well-financed opponents, as is the case here. This process has the potential for disorganization, in-fighting and inefficiencies. It is useful to consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." Bolch Judicial Institute, *Guidelines and Best Practices for Large and Mass-Tort MDLs* (Second Edition) (2018), p. 43. Selecting lawyers who have previously worked together has many benefits. They have developed working relationships, know of complementary talents, and have "developed certain systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee working together for the first time." *Id.*

Nowhere could these sentiments be more accurate than among the counsel proposed for Proposed Interim Class Counsel. Proposed Interim Class Counsel are well suited to jointly prosecute this action because they are able to work cooperatively and inclusively with themselves and other counsel. Indeed, the proposed leadership structure has the support of all named Plaintiffs

in the Related Actions and this factor supports their appointment. *See Stewart*, 2022 WL 17155996, at *4 (granting joint request for interim lead counsel where "the Proposed Interim Co-Lead Counsel, to date, have demonstrated their ability to cooperate with each other and work efficiently on behalf of the putative class"). While Proposed Interim Class Counsel intend to litigate the case zealously, they are aware of the Court's expectation that they prosecute the case efficiently and without duplication. Accordingly, they have already discussed how best to organize to effectively use their members' diverse skills and unique experiences for the case's prosecution and management, while avoiding unnecessary and duplicative billing.

## III.       CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order pursuant to Rules 23 and 42 consolidating the Related Actions against Brooklyn Premier Orthopedics and appointing David S. Almeida of Almeida Law Group LLC, Mason Barney of Siri & Glimstad LLP and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, LLC as interim class counsel.

Date: January 24, 2024                         Respectfully Submitted,

*/s/ Mason A. Barney*
Mason A. Barney
New York Bar No. 4405809
Tyler J. Bean (*pro hac vice forthcoming*)
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
Email: mbarney@sirillp.com
Email: tbean@sirillp.com

James J. Bilsborrow
New York Bar No. 4702064
**WEITZ & LUXENBERG, PC**
700 Broadway
New York, NY 10003
Tel: (212) 558-5500

E: jbilsborrow@weitzlux.com

David S. Almeida
New York Bar No. 3056520
Matthew J. Langley
New York Bar No. 483749
Elena A. Belov
New York Bar No. 4080891
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
Tel: (312) 576-3024
E: david@almeidalawgroup.com
E: matt@almeidalawgroup.com
E: elena@almeidalawgroup.com

Gary M. Klinger (*pro hac vice forthcoming*)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
227 Monroe Street, Suite 2100
Chicago, IL 60606
Tel: 866.252.0878
E: gklinger@milberg.com

*Attorneys for Plaintiffs & Putative Class*