UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROLINE EDRI, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>BROOKLYN PREMIER ORTHOPEDICS AND PAIN MANAGEMENT PLLC d/b/a BROOKLYN PREMIER ORTHOPEDICS,<br><br>Defendant. | No. 23-cv-07943-HG |
| MARQUITA WASHINGTON JOHNSON, *on behalf of herself individually and on behalf of all other similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>BROOKLYN PREMIER ORTHOPEDICS AND PAIN MANAGEMENT PLLC,<br><br>Defendant. | No. 23-cv-07990-NRM-JAM |
| RUDOLPH KORNMANN and DAVID ASEKOFF, *on behalf of themselves & all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>BROOKLYN PREMIER ORTHOPEDICS AND PAIN MANAGEMENT PLLC d/b/a BROOKLYN PREMIER ORTHOPEDICS,<br><br>Defendant. | No. 23-cv-08761-SJB |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR CONSOLIDATION AND TO APPOINT PROPOSED INTERIM CLASS COUNSEL**

Pending before this Court is Plaintiffs' Motion for Consolidation and to Appoint Proposed Interim Class Counsel. *See* ECF No. 17 (Motion to Consolidate and Appoint Proposed Interim Class Counsel). Defendant consents to consolidation and takes no position on the appointment of Proposed Interim Class Counsel. ECF No. 17-1 at 9 (Memorandum in Support of Motion).[1] For the reasons set forth herein, Plaintiffs' Motion to Consolidate and Appoint Proposed Interim Class Counsel is granted.

## **BACKGROUND**

In the fall of 2023, Plaintiffs Caroline Edri, Marquita Washington Johnson, Rudolph Kornmann and David Asekoff ("Plaintiffs") filed separate actions in this District against Defendant Brooklyn Premier Orthopedics and Pain Management PLLC. *See Edri v. Brooklyn Premier Orthopedics and Pain Management PLLC*, No. 23-cv-07943; *Johnson v. Brooklyn Premier Orthopedics and Pain Management PLLC*, No. 23-cv-07990; *Kornmann, et al., v. Brooklyn Premier Orthopedics and Pain Management PLLC*, No. 23-cv-08761. Plaintiffs, on behalf of themselves and others similarly situated, allege causes of action related to a targeted cyber-attack that allowed a third party to gain access to the computer systems which had sensitive consumer patient health data and was maintained by Defendant. *See* ECF No. 1 ¶¶ 23–30, 23-cv-07943 (*Edri* Complaint); ECF No. 1 at ¶¶ 6–8, 23-cv-07990 (*Johnson* Complaint); ECF No. 1 at ¶¶ 3–5, 23-cv-08761 (*Kornmann* Complaint). Plaintiffs assert overlapping causes of action related to negligence, breach of confidence, breach of fiduciary duty, unjust enrichment, bailment, violation of New York General Business Law § 349, and breach of implied and express contract. *See Edri* Complaint at 31–51; *Johnson* Complaint at 40–53;

---

[1] Unless otherwise noted, all citations to the Electronic Case Files system ("ECF") are citations to the docket in which the motion to consolidated was filed, No. 23-cv-07943. Further, the Court refers to the pages assigned by ECF.

*Kornmann* Complaint at 43–65.  On January 24, 2024, Plaintiffs moved to consolidate the pending actions and appoint David S. Almeida of Almeida Law Group LLC, Mason Barney of Siri & Glimstad LLP, and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, LLC, as Proposed Interim Class Counsel.  *See* ECF No. 17.  Defendant consents to consolidation and takes no position on the appointment of Proposed Interim Class Counsel.  *Id.* at 9.

## LEGAL STANDARD

Rule 42 permits the Court to consolidate cases that "involve a common question of law or fact."  Fed. R. Civ. P. 42(a)(2).  "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."  *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). [2]  "Consolidation should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion."  *Noel v. Shinseki*, Nos. 12-cv-6035, 13-cv-152, 2013 WL 431829, at *1 (E.D.N.Y. Jan. 31, 2013).

Rule 23(g)(3) permits the court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Fed. R. Civ. P. 23(g)(3).  "When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)."  *Buonasera v. Honest Co.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016).  Those factors include:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

---

[2] Unless noted, case law quotations in this Order accept all alterations and omit all internal quotation marks, citations, and footnotes.

3

Fed. R. Civ. P. 23(g)(1)(A).  The Court may also consider "any other matter pertinent to class counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).

## DISCUSSION

### I.   Case Consolidation

Plaintiffs' claims satisfy the criteria for consolidation.  All of them arise from a targeted cyber-attack that allowed a third party to gain access to the computer systems which had sensitive consumer patient health data and were maintained by the same Defendant.  Defendant has not filed an Answer or otherwise responded to Plaintiffs' complaints in any of the pending cases.  Further, the parties have not engaged in any significant discovery in any of the pending cases.  Coordinating Defendant's Answer, discovery, and motion practice in all three cases will, therefore, "eliminate unnecessary repetition and confusion."  *Noel*, 2013 WL 431829, at *1.

Plaintiffs shall file on or before February 23, 2024, a single amended consolidated complaint that asserts their claims against Defendant in each of the separately filed actions.  Defendant shall respond to Plaintiffs' Amended Complaint on or before March 15, 2024.  The parties shall also file a joint letter and a proposed case management plan as required by this Court's prior scheduling order, *see* ECF No. 6, on or before March 15, 2024.  *See* January 5, 2024, Text Order.

Accordingly, *Edri v. Brooklyn Premier Orthopedics and Pain Management PLLC*, 23-cv-07943, *Johnson v. Brooklyn Premier Orthopedics and Pain Management PLLC*, 23-cv-07990, and *Kornmann, et al., v. Brooklyn Premier Orthopedics and Pain Management PLLC*, 23-cv-08761 are consolidated under *Edri v. Brooklyn Premier Orthopedics and Pain Management PLLC*, 23-cv-07943.  The parties shall make all future filings on this docket for this case.  The

Court respectfully directs the Clerk of Court to close Case Nos. 23-cv-07990 and 23-cv-08761.

## II.     Appointment of Interim Class Counsel

Proposed Interim Class Counsel satisfy the factors set forth in Rule 23(g).  First, Proposed Interim Class Counsel have spent considerable time, effort, and resources "identifying or investigating potential claims in the action."  Fed. R. Civ. P. 23(g)(1)(A)(i).  Specifically, Proposed Interim Class Counsel "conducted an extensive pre-filing investigation," "interviewed many potential clients," "researched the law and evaluated potential claims," and "prepar[ed] their various complaints."  ECF No. 17-1 at 13.   Second, Proposed Interim Class Counsel are "experience[d] in handling class actions" and are particularly knowledgeable in the areas of data privacy and cyber security.  Fed. R. Civ. P. 23(g)(1)(A)(ii), (iii).  For example, "Mr. Alemeida has been involved in more than 350 class action lawsuits throughout the country, representing clients in a wide range of claims, including data breach and privacy violations," *id.* at 15; "Mr. Barney has[] served in leadership positions and as class counsel in numerous data breach and privacy matters," *id.* at 17; and "Mr. Klinger has settled on a classwide basis more than forty (40) class actions involving privacy violations, the majority of which are data breaches, in State and federal courts across the country as lead or co-lead counsel," *id.* at 19.  Further, Proposed Interim Class Counsel have demonstrated that they will dedicate significant resources to advance the claims of the proposed class.  Fed. R. Civ. P. 23(g)(1)(A)(iv).  Proposed Interim Class Counsel have already dedicated resources in their investigation and development of Plaintiffs' claims.  Proposed Interim Class Counsel represent that they will "continue to staff this matter with knowledgeable and experienced attorneys" and "make every effort to effectively and efficiently staff the litigation in a manner that will avoid duplication of effort."  *Id.* at 21–22.  Finally, the proposed leadership structure is supported by all named Plaintiffs in this case, which favors

Proposed Interim Class Counsel's appointment. Therefore, the Court appoints David S. Almeida of Almeida Law Group LLC, Mason Barney of Siri & Glimstad LLP, and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, LLC, as Interim Class Counsel.

## **CONCLUSION**

The Court GRANTS Plaintiffs' Motion for Consolidation and to Appoint Proposed Interim Class Counsel. *See* ECF No. 17. Case Nos. 23-cv-07990 and 23-cv-08761 are consolidated under Case No. 23-cv-07943. The parties shall make all future filings on this docket for this case. The Court respectfully directs the Clerk of Court to close Case Nos. 23-cv-07990 and 23-cv-08761. Plaintiffs shall file on or before February 23, 2024, a single amended consolidated complaint that asserts their claims against Defendant in each of the separately filed actions. Defendant shall respond to Plaintiffs' Amended Complaint on or before March 15, 2024. The parties shall also file a joint letter and a proposed case management plan as required by this Court's prior scheduling order, *see* ECF No. 6, on or before March 15, 2024.

Plaintiffs' Interim Class Counsel will be responsible for and have plenary authority to prosecute any and all claims of Plaintiffs and the putative class. Specifically, Interim Class Counsel shall have the following responsibilities, duties and sole authority to:

(a) Prepare and file the master consolidated complaint as further detailed in this Order;

(b) Determine and present in pleadings, briefs, motions, oral argument and/or such other fashion as may be appropriate, personally or by a designee, to the Court and opposing parties the position of Plaintiffs and the putative class on matters arising during pretrial proceedings;

(c) Coordinate and conduct discovery on behalf of Plaintiffs and the

putative class consistent with the requirements of the rules of this Court;

   (d)  Consult with and employ consultants and/or expert witnesses;

   (e)  Draft and file a motion for class certification on behalf of Plaintiffs and the putative class;

   (f)  Conduct all pre-trial proceedings on behalf of Plaintiffs and the putative class;

   (g)  Enter into stipulations and agreements with Defendant;

   (h)  Sign all papers filed on behalf of Plaintiffs and the putative class;

   (i)  Convene meetings of all Plaintiffs' counsel, as and if necessary;

   (j)  Form task-specific subcommittees of Plaintiffs' counsel, as appropriate;

   (k)  Conduct settlement negotiations with Defendant;

   (l)  Maintain an up-to-date service list of all Plaintiffs' counsel for any and all future consolidated cases and promptly advise the Court and Defendant's counsel of any changes thereto;

   (m)  Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings correspondence and other documents from Defendant's counsel or the Court that are not electronically filed;

   (n)  Appear at Court-noticed status conferences and hearings;

   (o)  Be the contact persons for all Plaintiffs' counsel and as the attorneys of record with whom the Court will be dealing throughout the course of the litigation;

   (p)  Delegate specific tasks to other Plaintiffs' counsel in a manner to avoid duplicative efforts and ensure that pretrial preparation for Plaintiffs and the putative class is conducted effectively, efficiently, and economically;

7

(q) Otherwise coordinate the work of all Plaintiffs' counsel and perform such other duties as the Interim Class Counsel deem necessary to advance the litigation or as authorized by further Order of the Court;

(r) Maintain and collect time and expense records for work performed, time billed, costs incurred and other disbursements made by Plaintiffs' counsel whose work Interim Class Counsel has specifically authorized and submit at the Court's request, in writing, *ex parte* and *in camera* reports to the Court regarding time billed in the prosecution of this action;

(s) Fund the necessary and appropriate costs of discovery and other common benefit efforts; and

(t) Perform all such other functions as necessary to efficiently and effectively represent Plaintiffs' and Class Members' interests in this litigation as well as to effectuate these responsibilities or as may be expressly authorized by further Order of the Court.

It is the Court's intent that, to the fullest extent consistent with the independent fiduciary obligations owed by any and all Plaintiffs' counsel to their clients and any putative class, pretrial proceedings shall be conducted by and through Interim Class Counsel.

SO ORDERED.

                                                   */s/ Hector Gonzalez*
                                                      HECTOR GONZALEZ
                                                  United States District Judge

Dated: Brooklyn, New York
       February 2, 2024